IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER JAMES MOSS-BEY,

                    Plaintiff,                    OPINION AND ORDER

  v.

                                              13-cv-878-wmc

RHONDA LANFORD,

                    Defendant.

---

Plaintiff Walter James Moss-bey has filed a complaint under 42 U.S.C. § 1983, alleging that Dane County Circuit Judge Rhonda Lanford violated his right to due process during a state court proceeding. Plaintiff has requested leave to proceed without prepayment of the filing fee. Therefore, the court is required to review the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, plaintiff's request for leave to proceed must be denied and the complaint will be dismissed for reasons set forth below.

ALLEGATIONS

In November 2013, plaintiff petitioned the Dane County Circuit Court to have his name legally changed.[1] That case was set for a hearing before the defendant, Dane County

---

[1] The court has supplemented the facts with dates and procedural information about plaintiff's

Circuit Judge Rhonda Lanford, who denied plaintiff's name-change petition on December 27, 2013. Plaintiff filed the pending civil action in this case later that same day.

In this case, plaintiff contends that he has a constitutional right to change his name to reflect his "Moorish American" heritage. Plaintiff does not explain why his petition was dismissed or indicate whether he had complied with the procedures that govern name-change proceedings in Wisconsin. *See* Wis. Stat. § 786.36. He maintains, nevertheless, that Judge Lanford violated his right to due process when she denied his name-change petition. Plaintiff seeks $1 million in damages and asks that Judge Lanford be terminated from her job or "deport[ed]" for violating his constitutional rights.

OPINION

To the extent that plaintiff seeks monetary relief from Judge Lanford, he runs head long into the wall of absolute immunity from liability for judicial acts. *Ohse v. Hughes*, 816 F.2d 1144, 1154 (7th Cir. 1987) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). The doctrine of absolute judicial immunity is not for the protection or benefit of a malicious or corrupt judge, though there is no suggestion of that here. Rather, immunity attaches for the benefit of the public, who has an interest in having a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Forrester v. White*, 484 U.S. 219, 225 (1988) (observing that judicial immunity discourages inappropriate collateral attacks and protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants) (citing *Bradley v. Fisher*, 13

---

underlying proceeding from public records available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited January 6, 2014). The court draws all other facts from the complaint.

Wall. 335, 348 80 U.S. 335 (1872)).

Under the name change procedures found in Wis. Stat. § 786.36, a circuit court has discretion to determine whether there is a legitimate reason to deny a petitioner's request for a name change. *See Williams v. Racine County Circuit Court*, 197 Wis.2d 841, 845, 541 N.W.2d 514, 516 (Wis. App. 1995) (finding that the State of Wisconsin has "a legitimate interest in being able to identify and identify quickly those persons both within prison and on parole who have been convicted of serious crimes"). Plaintiff's allegations concerning his name change petition fall well short of the allegations necessary to deprive Judge Lanford of absolute immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (noting that allegations of bad faith or malice are insufficient to defeat absolute judicial immunity, which may be overcome only by showing that the complained of actions were nonjudicial in nature or were taken in the complete absence of all jurisdiction). Because Judge Lanford was acting in a judicial capacity in denying plaintiff's request for a name change, she is immune from plaintiff's claim for money damages and his complaint against her must be dismissed.

To the extent that plaintiff takes issue with the validity of Judge Lanford's decision, federal review is also constrained by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Moreover, a litigant may not avoid the *Rooker-Feldman* doctrine by casting his complaint in the form of a civil rights action, as plaintiff attempts to do here. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Rather, a litigant who feels that a state court proceeding has violated his constitutional rights must

appeal that decision through the state court system and then the United States Supreme Court. *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1990). Because plaintiff may not attack the validity of Judge Lanford's ruling in federal court, his complaint must be dismissed for this additional reason.

## ORDER

IT IS ORDERED that Walter James Moss-bey's request for leave to proceed is DENIED and this case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b).

Entered this 14th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge